**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

LAMONT HEARD,

       Plaintiff,

v.

VARNICE STRANGE, et. al.;

       Defendants.

_____/

Civil Action No. 2:21-CV-10237
HON. NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE

**OPINION AND ORDER DISMISSING COMPLAINT**
**AS DUPLICATIVE TO CASE # 2:17-CV-13904 AND DENYING AS MOOT THE**
**MOTION TO WAIVE FEES OR COSTS AND THE MOTION TO EXCLUDE THE**
**CASE FROM MEDIATION AND TO COMBINE CASES (ECF Nos. 2, 3)**

Lamont Heard ("Plaintiff"), confined at the Lakeland Correctional Facility in Coldwater,

Michigan, filed a civil rights complaint pursuant to 42 U.S.C. § 1983.  Having reviewed plaintiff's

complaint, the Court dismisses it without prejudice for being duplicative of a previously filed civil

rights complaint.

In his current complaint, plaintiff sues Jeffrey Oosterhoff, Adam Douglas, Varnice Strange,

Scott Schooley, Kyle Shannon, and Cedric Griffey. Plaintiff claims that the defendants, all prison

employees at the Thumb Correctional Facility in Lapeer, Michigan, transferred plaintiff first to

another housing facility and then to another prison in retaliation for his involvement in prior

litigation against prison officials and for his religious affiliation with the Nation of Islam.  Plaintiff

alleges further that the defendants falsely accused him of proselytizing his religious beliefs to other

inmates, which is a violation of prion policy.

Plaintiff previously filed a nearly identical lawsuit against these defendants, which remains

pending before this Court in a separate case.  *See Heard v. Strange, et. al.,* U.S.D.C. No. 2:17-CV-

13904 (E.D. Mich.).   Plaintiff acknowledges that his retaliation claims were raised in his prior

pending action, but some of those claims were dismissed by this Court because plaintiff had failed

to exhaust his administrative remedies with respect to those claims and with respect to certain

defendants.  (*See* Case No. 17-13904, ECF No. 72.)  Plaintiff also sought leave to add the religious

retaliation claim based on the alleged retaliatory prison unit transfer in the prior action, but the

Court denied leave, in part, because of the failure to exhaust.  (Case No. 17-13904, ECF No. 104,

PgID 1318.)  Plaintiff alleges in his current complaint that he has now exhausted his administrative

remedies with the Michigan Department of Corrections' internal grievance system.  (ECF No. 1,

PageID. 3.)  In his separate motion to waive fees and costs, plaintiff elaborates more fully that this

Court dismissed plaintiff's retaliation and religion claims in his pending 2017 case but that he has

now exhausted his administrative remedies with respect to those claims. (ECF No. 2, PageID. 20.)

In his motion to waive mediation and to combine cases, plaintiff makes similar allegations. (ECF

No. 3, PageID. 36.)  Plaintiff seeks to join these claims together with the other claims which remain

pending in his 2017 case.

As a general rule, when duplicative lawsuits are pending in separate federal courts, "the

entire action should be decided by the court in which an action was first filed." *Smith v. S.E.C.*,

129 F. 3d 356, 361 (6th Cir. 1997).  A duplicative suit is one in which the issues "have such an

identity that a determination in one action leaves little or nothing to be determined in the other."

*Id.*  The Sixth Circuit has held that a district court "has broad discretion in determining whether to

dismiss litigation or abstain in order to avoid duplicative proceedings."  *In re Camall Co.*, 16 F.

App'x 403, 408 (6th Cir. 2001) (citing *In Re White Motor Credit*, 761 F.2d 270, 274–75 (6th Cir.

1985)).

Petitioner's current civil rights complaint, which alleges the exhaustion of administrative remedies, will be dismissed because it is duplicative of his pending civil rights case in 2:17-CV-13904, in which this Court previously dismissed some of the same claims based on plaintiff's failure to exhaust his administrative remedies.  *See Lucas v. D.C.*, 214 F. Supp. 3d 7, 9–10 (D.D.C. 2016) (Retired police officer's second action, which added allegations regarding his exhaustion of administrative remedies, and which was filed during pendency of his motion for reconsideration of dismissal of first action based on failure to exhaust administrative remedies regarding retirement benefits from employment with District of Columbia, was duplicative of first action, and thus, District Court would dismiss second action; the two actions involved complaints against same party, raising same legal claims, and alleging substantially the same facts).  Although plaintiff is free to seek leave to amend his complaint in his prior 2017 case, "he is not free to pursue a separate and virtually identical action at the same time in the same court and against the same defendant." *Id.* at 9 (internal quotation marks and citation omitted).  And to the extent the Court denied plaintiff leave to add certain claims in that case, plaintiff cannot file a new complaint as an "end-run" around that decision.  *See Prewitt v. Walgreens Co.*, No. 12-6967, 2013 WL 6284166, at *6 (E.D. Pa. Dec. 2, 2013); *see also Fabics v. City of New Brunswick*, 629 F. App'x 196, 198 (3d Cir. 2015) (noting that "the court must insure that the plaintiff does not use the incorrect procedure of filing duplicative complaints for the purpose of circumventing the rules pertaining to the amendment of complaints") (internal quotation marks and citation omitted). Therefore, dismissal of plaintiff's current case as duplicative of the already-pending action in *Heard v. Strange*, 2:17-cv-13904 is warranted.

Plaintiff has also brought a motion to waive fees and costs.  Plaintiff acknowledges that there are defects in his application to proceed without prepayment of fees but argues that he does

not need to pay a new filing fee because he is raising claims that were previously dismissed on

exhaustion grounds.  Because this case is summarily dismissed for being duplicative, the Court

disregards Plaintiff's defective application to proceed *in forma pauperis*.  *See Gilmore v. Oakland

Cty. Jail Med. Unit*, No. 2:11-14902, 2013 WL 1155535, at * 2 (E.D. Mich. Mar. 20, 2013) (citing

*Armstrong v. Runnels*, No. 2007 WL 419465, * 1 (E.D. Cal. Feb. 5, 2007)); *see also English v.

Runda*, 875 F.2d 863 (Table); No. 1989 WL 51408, * 1 (6th Cir. May 18, 1989)).

Plaintiff's motion to have this case excluded from the prisoner mediation program is moot

now that this case has been dismissed.  *See, e.g.*, *Johnson v. Miller*, No. 1:20-CV-791, 2020 WL

5677395, at *2 (W.D. Mich. Sept. 24, 2020) (Eastern District of Michigan dismissed as moot

motion to exclude case from prisoner mediation program when transferring complaint to the

Western District of Michigan).  The dismissal of this case as duplicative of Case # 17-13904

likewise moots plaintiff's motion to consolidate this case with his prior 2017 case.  *See Qualcomm,

Inc. v. GTE Wireless, Inc.*, 79 F. Supp. 2d 1177, 1179–80 (S.D. Cal. 1999).

**IT IS HEREBY ORDERED** that plaintiff's complaint is **DISMISSED WITHOUT

PREJUDICE FOR BEING DUPLICATIVE OF THE COMPLAINT FILED IN CASE #

2:17-cv-13904.**  Plaintiff's motions (ECF Nos. 2 and 3) are denied as moot.

**SO ORDERED.**

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: February 23, 2021

I hereby certify that a copy of the foregoing document was served upon counsel of record on
February 23, 2021, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager

4