UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAMONT HEARD,

     Plaintiff,                          Case No. 21-10237

v.                                 Honorable Nancy G. Edmunds

VARNICE STRANGE, et. al.,

     Defendants.
_____/

**ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR RECONSIDERATION [8]**

This Court previously entered an order dismissing Plaintiff Lamont Heard's
prisoner civil rights complaint without prejudice for being duplicative of another civil rights
complaint he filed in case no. 17-13904. (ECF No. 6.) Plaintiff now moves for
reconsideration. (ECF No. 8.) For the reasons discussed below, the Court GRANTS IN
PART Plaintiff's motion for reconsideration.

Under Eastern District of Michigan Local Rule 7.1(h)(1), a party may move for
reconsideration of an order within fourteen days of the order's issuance. For the motion
to succeed, the movant "must not only demonstrate a palpable defect by which the Court
and the parties . . . have been misled but also show that correcting the defect will result
in a different disposition of the case." E.D. Mich. L.R. 7.1(h)(3).

In the previously filed lawsuit, Plaintiff asserted that he had been subject to
retaliatory housing unit and prison transfers due to his legal activities in violation of his
First Amendment rights. (Case No. 17-13904, ECF No. 15.) The claims stemming from
the housing unit transfer were dismissed due to Plaintiff's failure to exhaust his

1

administrative remedies with regard to those claims, (*id.*, ECF No. 72), but the prison transfer retaliation claims remain pending before the Court. Approximately three years into that lawsuit, Plaintiff sought leave to file a second amended complaint to add a religious retaliation claim based on the same prison transfer, but leave was denied. (*See id.*, ECF No. 104.) In the present case, Plaintiff brought access to the courts retaliation claims based on the housing unit transfer as well as religious retaliation claims based on both the housing unit transfer and prison transfer. In the order dismissing this case, the Court not only noted that the claims were duplicative of the claims in the other lawsuit, but it also reasoned that Plaintiff could not file a second lawsuit as an "end-run" around the Court's decision to deny leave. Plaintiff's present motion does not identify any error in the Court's analysis regarding the prison transfer retaliation claims.

With regard to the housing unit transfer retaliation claims, Plaintiff argues that because they arise out of a separate incident than the prison transfer claims, they are not duplicative of any claims that remain pending in the first lawsuit. He also asserts that he has now exhausted his administrative remedies with regard to the housing unit transfer claims and asks the Court to either allow him to proceed on those claims in this lawsuit or allow him to file a motion for reconsideration in the first lawsuit to amend his complaint and add them there.

Because the housing unit transfer retaliation claims were dismissed during the early stages of the first lawsuit due to the failure to exhaust, the Court is persuaded that the similar claims Plaintiff brought in this case are not duplicative of any claims in the prior lawsuit that proceeded to an adjudication on the merits. Accordingly, the Court GRANTS IN PART Plaintiff's motion for reconsideration. If Plaintiff wishes to delete the religious

retaliation claim stemming from the prison transfer and proceed on the retaliation claims stemming from the housing unit transfer in this case, he may move to reopen this case and amend his complaint to proceed only on those claims within thirty (30) days of the date of this order.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: June 3, 2021


I hereby certify that a copy of the foregoing document was served upon counsel of record on June 3, 2021, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager