UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAMONT HEARD,

    Plaintiff,

v.

YARNICE STRANGE,
JEFFREY OOSTERHOF,
ADAM DOUGLAS, and
CHRISTIAN ALCORN,

    Defendants.
_____/

Case No. 21-10237

Honorable Nancy G. Edmunds

**OPINION AND ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S MARCH 1, 2023 REPORT AND RECOMMENDATION [49]**

This is a pro se prisoner civil rights lawsuit filed under 42 U.S.C. § 1983 by Plaintiff Lamont Heard bringing First Amendment retaliation claims against Defendants. (ECF No. 11.) The case has been referred to Magistrate Judge Patricia T. Morris for all pre-trial matters. (ECF No. 15.) Before the Court is the Magistrate Judge's March 1, 2023 report and recommendation to grant Defendants' motion for summary judgment. (ECF No. 49.) Plaintiff objects to that report. (ECF No. 50.) Defendants have responded to his objections. (ECF No. 51.) Having conducted a *de novo* review of the portions of the report to which specific objections have been filed, the Court OVERRULES Plaintiff's objections and ACCEPTS AND ADOPTS the Magistrate Judge's report and recommendation.

**I.    Standard of Review**

Under Federal Rule of Civil Procedure 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive

1

further evidence; or return the matter to the magistrate judge with instructions." *See also* 28 U.S.C. § 636(b)(1).

## II.   Analysis

The Magistrate Judge recommends finding this action barred by the statute of limitations. After the timeliness issue was raised by Defendants in their motion for summary judgment,[1] Plaintiff argued that the statute of limitations was tolled while he attempted to amend his complaint in an earlier case (Case No. 17-13904) to include the claims he now asserts.[2] The Magistrate Judge first noted that to the extent § 600.5856 may apply, it can only save the claims Plaintiff had sought leave to add in the other case, which are the claims alleging his housing unit transfer was done in retaliation for his litigation activities against Strange, Oosterhof, and Douglas and not any religious retaliation claims or any claims against Alcorn. (ECF No. 49, PageID.438.) But ultimately the Magistrate Judge found Michigan's tolling statute, Mich. Comp. Laws § 600.5856, inconsistent with the Prison Litigation Reform Act ("PLRA") and thus declined to apply it to any of Plaintiff's claims.[3] Plaintiff now objects, making three arguments.

---

[1] The timeliness of this action was only one of several issues raised by Defendants in their motion. The Magistrate Judge did not reach the remaining arguments due to her conclusion as to this issue.

[2] The Court granted leave, but ultimately the claims were dismissed for failure to exhaust. (Case No. 17-13904, ECF Nos. 15, 27, 72.)

[3] The Magistrate Judge acknowledged that some courts in our district have indicated that the statute of limitations may be tolled under state law in prisoner civil rights cases, (ECF No. 49, PageID.440 n.5), *see, e.g.*, *Bell v. Washington*, 2022 U.S. Dist. LEXIS 48632, at *8 (E.D. Mich. Mar. 17, 2022); *McDaniel v. Bechard*, 2019 U.S. Dist. LEXIS 51793, at *7-8 (E.D. Mich. Feb. 20, 2019), *report and recommendation adopted*, 2019 U.S. Dist. LEXIS 50178 (E.D. Mich. Mar. 26, 2019), but those cases did not explicitly address the issue of whether Michigan tolling law is consistent with federal law.

First, Plaintiff takes issue with the conclusion that § 600.5856 is inconsistent with the PLRA. Plaintiff cites to *Hollis v. Erodos*, 480 F. Supp. 3d 823, 831-32 (S.D. Ohio 2020), but there, the court applied federal equitable tolling principles, not a state tolling statute. And the Court agrees with the Magistrate Judge's reasoning regarding why § 600.5856 is inconsistent with the PLRA and should not be applied here. *See* ECF No. 49, PageID.443-46; *see also Crump v. Darling*, 2007 U.S. Dist. LEXIS 20000, at *50-51 (W.D. Mich. March 21, 2007) (noting that applying the Michigan tolling statute in a prisoner civil rights case "would be contrary to federal law by effectively encouraging the very litigation abuses the PLRA was enacted to curb"). Thus, Plaintiff's first objection is overruled.

Plaintiff's next argument is that the statute of limitations was tolled while he exhausted his administrative remedies. *See Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000). Defendants respond by arguing that Plaintiff waived this argument by not raising it before the Magistrate Judge. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). The Court agrees. But even if it is not waived, this argument is of no avail. Plaintiff bears the burden of proving his entitlement to tolling of the statute of limitations. *See Warren Consol. Schs. v. W.R. Grace & Co.*, 518 N.W.2d 508, 510 (Mich. Ct. App. 1994). The documents Plaintiff attaches to his objections indicate that he filed the underlying grievance on May 20, 2020 and exhausted that grievance by June 25, 2020. (ECF No. 50, PageID.456-59.) Tolling the statute of limitations for this approximately two-month period would not make Plaintiff's claims timely. Even if the Court were to take into account the time between the letter he sent on February 29, 2020 (*Id.* at PageID.455) and the filing of the grievance itself, he filed this case well outside the three-year limitations

3

period.[4] Plaintiff suggests it took him from January 10, 2017 until June 25, 2020 to exhaust his administrative remedies. But while the first grievance addressing the housing unit transfer was dated January 11, 2017, (Case No. 17-13904, ECF No. 55, PageID.705), the Court has already held that Plaintiff did not properly exhaust that grievance, (*see id.* at ECF No. 72, PageID.799-801). Plaintiff states there was uncertainty regarding what constituted proper exhaustion here because prison officials did not respond to his first grievance and it was not until later that he was informed he could file a new grievance, but he does not cite any authority that supports the proposition that the limitations period may be tolled indefinitely as a prisoner makes inquiries regarding the exhaustion process. To the contrary, it appears that courts applying *Brown* simply toll the limitations period for the time spent exhausting the underlying grievance. *See, e.g.*, *Nobles v. Quality Corr. CARE of Mich.*, 2023 U.S. Dist. LEXIS 29949, at *13-14 (W.D. Mich. Jan. 24, 2023), *report and recommendation adopted*, 2023 U.S. Dist. LEXIS 29380 (W.D. Mich. Feb. 22, 2023). In sum, the argument raised in Plaintiff's second objection is waived. But even if it were not, tolling the time it took Plaintiff to exhaust his grievance does not render his claims timely. Thus, Plaintiff's second objection is overruled.

Finally, Plaintiff objects on the basis that he previously moved to consolidate this case with his other case. Plaintiff acknowledges that the Court denied that request but notes that the denial was without prejudice and avers that consolidation would render his claims timely under the relation back doctrine. But even if the two cases had been consolidated, this would have no impact on the timeliness of Plaintiff's claims. *See*

---

[4] Plaintiff's claims stem from a housing unit transfer, which took place on January 10, 2017. The original complaint in this case was filed over four years later—on January 19, 2021.

*Twaddle v. Diem*, 200 F. App'x 435, 438 n.4 (6th Cir. 2006) ("Consolidation would not raise the prospect of relation back because consolidation does not merge the suits into a single action, change the rights of the parties, or make parties in one suit parties in the other.") (citation omitted); *In re Pella Corp.*, 2015 U.S. Dist. LEXIS 88944, at *7-8 (D.S.C. July 9, 2015) ("Numerous courts have recognized that motions to consolidate do not invoke the relation back doctrine of Rule 15(c) because consolidation under Rule 42(a) does not merge the consolidated suits into a single action.") (listing cases). Thus, Plaintiff's third objection is overruled.

### III. Conclusion

Having conducted a *de novo* review of the portions of the Magistrate Judge's report to which specific objections have been filed, the Court OVERRULES Plaintiff's objections and ACCEPTS AND ADOPTS the Magistrate Judge's report and recommendation (ECF No. 49). Accordingly, Defendants' motion for summary judgment (ECF No. 44) is GRANTED.

SO ORDERED.

> s/Nancy G. Edmunds
> Nancy G. Edmunds
> United States District Judge

Dated: June 12, 2023

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 12, 2023, by electronic and/or ordinary mail.

> s/Lisa Bartlett
> Case Manager